50 Cal.Rptr.3d 242 (2006)
144 Cal.App.4th 287
In re DAISY D., a Person Coming Under the Juvenile Court Law.
Sacramento County Department of Health and Human Services, Plaintiff and Respondent,
v.
Tracy S., Defendant and Appellant.
No. C052499.
Court of Appeal of California, Third District.
October 27, 2006.
*243 Janet H. Saalfield, under appointment by the Court of Appeal, Sausalito, for Defendant and Appellant.
Robert A. Ryan, Jr., County Counsel, and Traci F. Lee, Deputy County Counsel, for Plaintiff and Respondent.
ROBIE, J.
Tracy S. (appellant), the mother of Daisy D. (the minor), appeals from the juvenile court's order terminating her parental rights. (Welf. & Inst.Code,[1] §§ 366.26, 395.) Appellant contends the juvenile court erred by failing to find an exception to adoption based on interference with the minor's sibling relationships. (§ 366.26, subd. (c)(1)(E).) We shall affirm.

FACTUAL AND PROCEDURAL BACKGROUND
In April 2004, Sacramento County Health and Human Services filed a juvenile dependency petition concerning the 18-month-old minor, as well as her two half-siblings (ages four and seven), alleging in part that appellant had a substance abuse problem for which she had received family maintenance services and yet continued to use controlled substances. Later reports explained that the minor tested positive for methamphetamine at birth and the family accepted informal supervision at that time. According to the jurisdictional report, between August 2002 and the filing of the petition, appellant completed numerous services in conjunction with informal supervision.
The juvenile court sustained the petition and ordered reunification services.
Initially, the minor was placed in a foster home with her half-siblings but, a little over a month later, she was moved to the home of her paternal grandparents, where she had lived for three months after her birth. Her half-siblings were placed in the home of their maternal uncle, where another sibling was already residing.
In November 2005, after over one year of reunification services, the juvenile court found appellant had failed to regularly participate and make substantive progress in her case plan and terminated reunification efforts. According to the report for the review hearing, the minor "clearly ha[d] a bond with her grandparents and fe[lt] a sense of security in their care." The minor visited her half-siblings every other weekend, often for the day at the maternal uncle's home, and the children "interact[ed] well and g[o]t along perfectly" during visits. The matter was set for a hearing pursuant to section 366.26 to select and implement a permanent plan.
According to the report for the section 366.26 hearing, the paternal grandparents were committed to adopting the minor, *244 and the social worker recommended a permanent plan of adoption. The minor had continued to visit her half-siblings at the maternal uncle's home, usually once a month for an all-day visit. In an addendum report, the social worker stated that the minor's half-siblings "share[d] a significant bond" with the minor, and it was noted that the paternal grandparents intended to continue facilitating contact with the half-siblings following the adoption.
At the section 366.26 hearing in April 2006, appellant supported the adoption of the minor's half-siblings by the maternal uncle but contested a permanent plan of adoption for the minor. Before taking evidence on the minor's matter, the juvenile court ordered adoption as the permanent plan for the minor's half-siblings, although it noted it had "very seriously considered" whether the exception to adoption for interference with sibling relationships applied with regard to the half-siblings' relationship with the other half-sibling residing in the maternal uncle's home. The court concluded that, as all three children lived with the maternal uncle, there was no evidence that adoption would cause substantial interference with their relationships.
Regarding the minor's permanent plan, appellant testified about her visits with the minor and her attorney argued that an exception to adoption applied based on appellant's visitation and bond with the minor. The juvenile court ordered adoption as the permanent plan, finding that the bond between the minor and appellant did not present a sufficiently compelling circumstance to warrant an alternate permanent plan.

DISCUSSION
Appellant asserts the juvenile court erred by failing to find a statutory exception to adoption based on interference with sibling relationships. We disagree.
At a hearing under section 366.26, if the court finds by clear and convincing evidence that a minor is likely to be adopted, the court must terminate parental rights and order the minor placed for adoption "unless the court finds a compelling reason for determining that termination would be detrimental" due to one of the statutorily enumerated exceptions to adoption. (§ 366.26, subd. (c)(1).) The parent has the burden of establishing an exception to termination of parental rights. (Cal. Rules of Court, rule 1463(e)(3); In re Zachary G. (1999) 77 Cal.App.4th 799, 809, 92 Cal.Rptr.2d 20; see In re Cristella C. (1992) 6 Cal.App.4th 1363, 1373, 8 Cal. Rptr.2d 342.)
Appellant urges application of the exception under section 366.26, subdivision (c)(1)(E), which applies when adoption will result in a "substantial interference with a child's sibling relationship . . . ." However, at no time during the juvenile court proceedings did appellant or her counsel argue the applicability of this exception with regard to the minor.
Yet despite an abundance of authority to the contrary (see, e.g., In re Rachel M. (2003) 113 Cal.App.4th 1289, 1295, 7 Cal. Rptr.3d 153; In re Erik P. (2002) 104 Cal.App.4th 395, 402, 127 Cal.Rptr.2d 922; In re Melvin A. (2000) 82 Cal.App.4th 1243, 1252, 98 Cal.Rptr.2d 844; In re Jasmine D. (2000) 78 Cal.App.4th 1339, 1347, 93 Cal.Rptr.2d 644), appellant urges that the juvenile court had a sua sponte duty to determine whether the sibling relationship exception to adoption applied. Appellant relies on legislative history indicating that the sibling relationship exception was added to "recognize[] the importance of maintaining and developing sibling relationships, and . . . ensure that appropriate consideration is given to this matter." *245 (Assem. Com. on Judiciary, Rep. on Assem. Bill No. 705 (2001-2002 Reg. Sess.) as amended Mar. 27, 2001, p. 5.)
However, nothing in the legislative history nor in the language of the statute itself requires that the juvenile court give sua sponte consideration to the sibling relationship exception when no party has argued it applies. To the contrary, the statute does not distinguish the sibling relationship exception from the other statutory exceptions to adoption, which do not require sua sponte consideration by the juvenile court. (In re Melvin A. (2000) 82 Cal.App.4th 1243, 1252, 98 Cal.Rptr.2d 844; In re Jasmine D., supra, 78 Cal.App.4th at p. 1347, 93 Cal.Rptr.2d 644.) And as the juvenile court did not have a sua sponte duty to consider the sibling relationship exception, appellant's failure to raise the exception at the section 366.26 hearing forfeits the issue for purposes of appeal.
Appellant urges us to excuse her failure to raise the exception in juvenile court because "an important legal issue is at stake." Appellant is correct that an appellate court has discretion to review claims not raised in the trial court that raise important legal issues, but "the discretion must be exercised with special care," particularly in dependency matters where "considerations such as permanency and stability are of paramount importance." (In re S.B. (2004) 32 Cal.4th 1287, 1293, 13 Cal.Rptr.3d 786, 90 P.3d 746.) Furthermore, a determination concerning the sibling relationship exception raises factual questions that are unsuitable for resolution on appeal. Accordingly, we decline to exercise our discretion to excuse appellant's forfeiture of the issue.[2]
Finally, appellant contends her trial attorney rendered ineffective assistance of counsel by failing to raise the sibling relationship exception at the section 366.26 hearing. In making this claim, the burden is on appellant to establish both that counsel's representation fell below prevailing professional norms and that, in the absence of counsel's failings, a more favorable result was reasonably probable. (Cf. People v. Ledesma (1987) 43 Cal.3d 171, 215-218, 233 Cal.Rptr. 404, 729 P.2d 839; Strickland v. Washington (1984) 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674, 698.) Unless the record affirmatively establishes ineffective assistance of counsel, we must affirm the judgment. (Cf. People v. Pope (1979) 23 Cal.3d 412, 426, 152 Cal.Rptr. 732, 590 P.2d 859.)
The exception now urged by appellant applies only when adoption would result in "substantial interference with a child's sibling relationship." (§ 366.26, subd. (c)(1)(E).) Here, it was anticipated that the minor would be adopted by her paternal grandparents, who intended to maintain contact between the minor and her half-siblings. Appellant's assertion that animosity between her and the paternal grandparents would lead to a cessation of sibling visits after the adoption is speculative and unsupported by the record. Thus, there was no evidence before the juvenile court that adoption would interfere with the minor's relationship with her half-siblings.
Moreover, "[t]o show a substantial interference with a sibling relationship the parent must show the existence of a significant sibling relationship, the severance of which would be detrimental to the child." (In re L.Y.L. (2002) 101 Cal.App.4th 942, *246 952, 124 Cal.Rptr.2d 688.) If it is determined that termination of parental rights will substantially interfere with a minor's sibling relationships, the juvenile court must "weigh the child's best interest in continuing that sibling relationship against the benefit the child would receive by the permanency of adoption." (Ibid.) The author of the legislation adding the sibling relationship exception anticipated that "use of the new exception `will likely be rare,'" meaning "that the child's relationship with his or her siblings would rarely be sufficiently strong to outweigh the benefits of adoption." (Id. at p. 950, 124 Cal. Rptr.2d 688.)
Here, the minor was just over one and one-half years old when she was placed separately from her half-siblings in the home of the paternal grandparents. In the ensuing two years, the minor had visits with her half-siblings between two and four times a month. And although the minor clearly enjoyed the time she spent with her half-siblings, there was no evidence that the detriment she might suffer if visits ceased presented a sufficiently compelling reason to forgo the stability and permanence of adoption by caretakers to whom she was closely bonded.
Appellant also claims her trial counsel was inadequate for failing to call the minor's half-siblings as witnesses at the section 366.26 hearing. However, as the record lacks any evidence concerning what testimony the half-siblings might have offered or what reasons trial counsel may have had for not seeking such testimony, we are not in a position to determine the sagacity of trial counsel's decision in this regard.
For these reasons, we conclude it was not reasonably probable the juvenile court would have applied the exception to adoption for interference with sibling relationships had it been raised by appellant's attorney.

DISPOSITION
The juvenile court's order is affirmed.
SIMS, Acting P.J., and HULL, J., concur.
NOTES
[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.
[2] We also decline to address appellant's one sentence contention that she was denied due process by the juvenile court's failure to consider the exception. Appellant's cursory claim in this regard is inadequate to set forth a reviewable issue. (See People v. Stanley (1995) 10 Cal.4th 764, 793, 42 Cal.Rptr.2d 543, 897 P.2d 481.)