Filed 6/25/14  In re G.M. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re G., JASMIN, K. & DANIEL M. , Persons Coming Under the Juvenile Court Law. | 2d Juv. No. B250355 (Super. Ct. Nos. J1395649, J1395650, J1395651, J1395652) (Santa Barbara County) |
| SANTA BARBARA COUNTY CHILD PROTECTIVE SERVICES,<br><br>Petitioner  and Respondent,<br><br>v.<br><br>KARLA M. ,<br><br>Respondent and Appellant. | |

Karla M. (mother) appeals from an order terminating her parental rights to her children K.M. (now seven years old) and Daniel M. (now six years old).  (Welf. & Inst. Code, § 366.26.)[1]  Although the dependency proceedings also involved two older children - G. M. and Jasmin M. - mother's parental rights to them were not terminated.

Mother contends that the juvenile court abused its discretion by refusing to conduct a contested evidentiary hearing on the beneficial parental relationship

_____

[1] All statutory references are to the Welfare and Institutions Code.

exception to adoption.  (§ 366.26, subd. (c)(1)(B)(i).)  Mother argues that "the denial of a contested hearing was a violation of her due process rights" because she "provided an adequate offer of proof" as to the evidence that she would produce at a contested hearing.  We disagree and affirm.

*Factual and Procedural Background*

At a jurisdictional/dispositional hearing in January 2012, the juvenile court sustained a dependency petition (§ 300), removed K.M. and Daniel M. (the children) from mother's custody, and ordered that she be provided reunification services. According to the petition's allegations, mother left the children "home alone without appropriate adult supervision." When the home was inspected, it "was found to be unsafe for the children."  The home was filthy and stank of urine.  Mother had "failed to provide the children with adequate food, clothing, and shelter, placing [them] at risk of physical harm and illness."   In February 2013 the court terminated reunification services and set a section 366.26 hearing.

Mother lived in Santa Maria in Santa Barbara County.  K.M. was placed in a group home in Pasadena in Los Angeles County.  Daniel M. was placed in a foster home in Merced County.  The section 366.26 report, dated May 30, 2013, states: "From September 2012 through January 2013, the mother . . . failed to participate regularly in her visitation schedule with [the children], after the Department [of Social Services (Department)] had purchased Amtrak tickets for her traveling needs. [Mother] failed to pick up the tickets in order to participate in visitation.  The mother also reduced her hours of visitation with [K. M.], after the second visit, to one hour per week, when she was authorized to visit for two hours per week."  "The mother did not visit with Daniel from 2/2013 to the present time.  The mother did not call Daniel on his birthday [in March 2013] when he turned 5 years old."  In her opening brief mother acknowledges that, "[a]ccording to the Department's court reports, [she] did not regularly visit K. and Daniel after they were moved out of county."

2

The section 366.26 report further states: "[B]oth K. and Daniel have had a mother/child relationship with their mother. Both children love and miss their mother and would choose to go home to her if allowed by the court. Neither child has been in their mother's care for the majority of their short lives. K. has been in protective custody for approximately 3 of her 6.5 years and Daniel for 3 of his 5 years."

An addendum report dated June 27, 2013, notes that Daniel told his mother over the telephone "that he was going to stay in his current placement and be adopted." Mother responded by telling Daniel "that the social worker had lied to him . . . and that she was going to get him back." This was the first time that mother had spoken to Daniel for "several months." The report continues: "[Daniel] is thriving in his current placement," and his foster "family hopes to adopt" him. As to K. M., the report notes that she "loves her mom and wants to go home to her even though her mom hit her with a belt."

The juvenile court ordered mother to submit an offer of proof if she wanted a contested section 366.26 hearing. Mother submitted a written offer of proof stating as follows: She "was trying desperately to get the tickets for Amtrak but was not met with any assistance. She called repeatedly to know when she could get them and asked every time she had a session and was given the run-around. They were not made available in a consistent and easy manner. [¶] The children all desire to be returned to their mother . . . [and] have 'a mother/child relationship with [her]. Both children love and miss their mother and would choose to go home if allowed by the Court.' "

The court concluded that the offer of proof was insufficient to warrant a contested hearing. It found that "there is clear and convincing evidence it's likely the children will be adopted." The court terminated mother's parental rights and selected adoption as the permanent plan.

*Beneficial Relationship Exception*

"By the time of a section 366.26 hearing, the parent's interest in reunification is no longer an issue and the child's interest in a stable and permanent placement is paramount. [Citations.] . . . The child has a compelling right 'to [have] a placement that is stable, permanent, and that allows the caretaker to make a full emotional commitment to the child.' [Citation.] Adoption is the Legislature's first choice because it gives the child the best chance at such a commitment from a responsible caretaker. [Citations .]" (*In re Jasmine D.* (2000) 78 Cal.App.4th 1339, 1348.)

"If the court finds that a child may not be returned to his or her parent and is likely to be adopted, it must select adoption as the permanent plan unless it finds that termination of parental rights would be detrimental to the child under one of [several] specified exceptions. [Citations.]" (*In re Derek W.* (1999) 73 Cal.App.4th 823, 826.) The exception at issue here is the beneficial relationship exception. It applies if (1) "[t]he parents have maintained regular visitation and contact with the child and [2] the child would benefit from continuing the relationship." (§ 336.26, subd. (c)(1)(B)(i).) The parents have the burden of establishing the exception. (*In re Derek W.*, *supra*, 73 Cal.App.4th at p. 826; *In re Lorenzo C.* (1997) 54 Cal.App.4th 1330, 1345.)

*Forfeiture*

Mother forfeited her right to raise the beneficial relationship exception on appeal because she had failed to raise it in the juvenile court. "In dependency litigation, non-jurisdictional issues must be the subject of objection or appropriate motions in the juvenile court; otherwise those arguments have been waived and may not be raised for the first time on appeal." (*In re Christopher B.* (1996) 43 Cal.App.4th 551, 558; see also *In re Erik P.* (2002) 104 Cal.App.4th 395, 403 [father waived the sibling exception to adoption because he had failed to raise it at the section 366.26 hearing].)

Mother's written offer of proof did not say that she was claiming the beneficial relationship exception to adoption. In the offer of proof, her counsel stated: "I believe

the Court should reconsider what is in the best interest of these . . . children and give [mother] a last chance to demonstrate her progress."  At the section 366.26 hearing, counsel never mentioned the beneficial relationship exception.

Although mother forfeited her right to raise the beneficial relationship exception for the first time on appeal, we consider the merits of her claim.

*The Juvenile Court Did Not Abuse Its Discretion*

The juvenile court has discretion whether to require "a parent to make an offer of proof before it conducts a contested hearing on the issue of whether a parent can discharge his or her burden of establishing a statutory exception to termination of parental rights."  (*In re Tamika T.* (2002) 97 Cal.App.4th 1114, 1116; accord, *In re Earl L.* (2004) 121 Cal.App.4th 1050, 1053.)  "The offer of proof must be specific, setting forth the actual evidence to be produced, not merely the facts or issues to be addressed and argued."  (*In re Tamika T.*, *supra*, 97 Cal.App.4th at p. 1124.)  We review for abuse of discretion the court's denial of a contested hearing.  (See *Ingrid E. v. Superior Court* (1999) 75 Cal.App.4th 751, 758-759.)  " 'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of  reason.' "  (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318-319.)  The denial of a contested hearing does not violate a parent's due process rights if the parent's offer of proof is inadequate.  (*In re Tamika T.*, *supra*, 97 Cal.App.4th 1114.)

Mother's offer of proof does not set forth the actual proposed evidence showing that she met the first prong of the beneficial relationship exception: regular visitation and contact with the children.  Instead, the offer of proof purports to provide an excuse for not maintaining regular visitation and contact: the Department's failure to provide her with Amtrak tickets.  The offer of proof states that the Amtrak tickets "were not made available in a consistent and easy manner" and mother "was given the run-around" whenever she asked about them.  These conclusory allegations are insufficient.  Mother was required to set forth the evidence underlying these conclusions and designate the witnesses who would so testify.  (See *In re Mark*

*C.* (1992) 7 Cal.App.4th 433, 444 [" 'The substance of evidence to be set forth in a valid offer of proof means the testimony of specific witnesses . . . to be introduced to prove the existence or nonexistence of a fact in issue' "].)

In any event, mother forfeited the visitation issue by her appellate inaction. Mother is in effect contending that the Department did not offer reasonable reunification services because it failed to provide her with Amtrak tickets so she could visit the children.  But in February 2013 when the court terminated reunification services and set a section 366.26 hearing, it expressly found that "[r]easonable services were provided."  If mother disagreed, she should have sought writ review pursuant to rule 8.452 of the California Rules of Court.  Mother filed a notice of intent to file a writ petition (rule 8.450(e)), but the petition was not filed.  On April 17, 2013, we dismissed the matter as abandoned (Case No. B247082).  Because mother did not seek writ review, she is precluded from challenging the juvenile court's determination that the Department had provided reasonable reunification services.  " ' "If an order is appealable . . . and no timely appeal is taken therefrom, the issues determined by the order are res judicata." ' [Citation.]  'An appeal from the most recent order entered in a dependency matter may not challenge prior orders, for which the statutory time for filing an appeal has passed.' [Citation.]"  (*Wanda B. v. Superior Court*  (1996) 41 Cal.App.4th 1391, 1396.)

Mother's offer of proof is also insufficient as to the second prong of the beneficial relationship exception: the children would benefit from continuing the relationship.  "Satisfying the second prong requires the parent to prove that 'severing the natural parent-child relationship would deprive the child of a *substantial,* positive emotional attachment such that the child would be *greatly* harmed.  [Citations.]' "  (*In re Marcelo B.* (2012) 209 Cal.App.4th 635, 643.)  Mother's offer of proof alleges that the children love and miss her, have " 'a mother/child relationship' " with her, and "desire to be returned to" her instead of adopted.  These conclusory allegations are

6

unsupported by specific evidentiary facts, such as the children's conduct during mother's visits.

The juvenile court therefore reasonably concluded that mother's offer of proof did not warrant a contested section 366.26 hearing on the beneficial relationship exception. Accordingly, the court did not abuse its discretion.

*Disposition*

The judgment (order terminating parental rights and selecting adoption as the permanent plan) is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

7

Arthur A. Garcia, Judge

Superior Court County of Santa Barbara

_____

Grace Clark, under appointment by the Court of Appeal, for Appellant.

Dennis A. Marshall, County Counsel, Count of Santa Barbara, Bo L. Bae, Deputy County Counsel, for Respondent.