Filed 3/23/15  In re Z.W. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COPY

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re Z.W., a Person Coming Under the Juvenile Court Law. | C077862 |
| SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>M.W.,<br><br>Defendant and Appellant. | (Super. Ct. No. JD233079) |

Appellant, M.W., mother of the minor, appeals from the juvenile court's orders terminating her parental rights and freeing the minor for adoption.  (Welf. & Inst. Code, §§ 366.26, 395; unless otherwise stated, statutory section references that follow are to the Welfare and Institutions Code.)  She contends the juvenile court erred by not finding that the beneficial parental relationship exception to adoption applied.  (§ 366.26, subd.

1

(c)(1)(B)(i).)  Having failed to assert this exception in the juvenile court, she has forfeited the issue on appeal.  Accordingly, we affirm the juvenile court's orders.

## DISCUSSION

A recitation of the factual background of this case is unnecessary to the resolution of this appeal.  Mother's sole contention is that the juvenile court erred in failing to find that the beneficial parental relationship exception to adoption applied.  The Sacramento County Department of Health and Human Services (the Department) contends mother forfeited her claim by failing to assert the applicability of the exception in the juvenile court.  We agree with the Department.

At the selection and implementation hearing (§ 366.26), the juvenile court must choose one of the alternative permanent plans provided by statute.  The Legislature's preference is for adoption.  If the juvenile court finds a minor adoptable and no circumstances would make the termination of parental rights detrimental to the minor, the juvenile court must terminate parental rights.  (*In re Ronell A.* (1996) 44 Cal.App.4th 1352, 1368.)  The parent has the burden of establishing an exception to termination of parental rights. (Cal. Rules of Court, rule 5.725(d)(4); *In re Zachary G.* (1999) 77 Cal.App.4th 799, 809.)

The juvenile court has no sua sponte duty to determine whether an exception to adoption applies.  (*In re Melvin A.* (2000) 82 Cal.App.4th 1243, 1252.)  Rather, the parent has the burden of affirmatively raising and proving that an exception applies.  (*In re Zachary G.*, *supra*, 77 Cal.App.4th at p. 809; *In re C.F.* (2011) 193 Cal.App.4th 549, 553.)

Here, mother did not appear at the selection and implementation hearing.  Mother's counsel entered a general objection to termination.  There was no mention of the applicability of the beneficial parental relationship exception, no mention of her bond with the minor or any detriment he would incur from the termination of her parental

2

rights, and nothing in the record that can be said to constitute an effort to place the beneficial parental relationship exception at issue. Thus, mother has forfeited this argument by failing to assert it in the juvenile court. (*In re Daisy D.* (2006) 144 Cal.App.4th 287, 291-292; *In re Erik P.* (2002) 104 Cal.App.4th 395, 403; *In re Christopher B.* (1996) 43 Cal.App.4th 551, 558; *In re Dakota S.* (2000) 85 Cal.App.4th 494, 501-502.)

The fact that the juvenile court made the oral finding that termination would not be detrimental to the minor, or the fact that the Department included information in its report regarding the parent/child contact history, does not excuse mother's forfeiture of the issue. The issue was not asserted in the juvenile court. Mother's failure to raise the exception prevented the Department and the minor from having a full and fair opportunity to present evidence and litigate the issue at the hearing. We will not review the evidentiary support for the findings when the Department and the minor were not provided a fair opportunity to present an adequate record in response. (See *People v. Adam* (1969) 1 Cal.App.3d 486, 489.)

DISPOSITION

The orders of the juvenile court are affirmed.


       HULL       , J.


We concur:



    BLEASE    , Acting P. J.



    RENNER    , J.


3