Filed 3/21/16  In re G.N. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| In re G.N., a Person Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>H.F.,<br><br>    Defendant and Appellant. | G052309<br><br>(Super. Ct. No. DP024046)<br><br>O P I N I O N |

Appeal from orders of the Superior Court of Orange County, Gary Moorehead, Judge.  Affirmed.  Motion to dismiss and request for judicial notice denied.

Law Offices of Vincent W. Davis & Associates and Stephanie M. Davis for Defendant and Appellant.

Leon J. Page, County Counsel, Karen L. Christensen and Aurelio Torre, Deputy County Counsel, for Plaintiff and Respondent.

No appearance for the Minor.

H.F. (caretaker), the former caretaker of now two-and-a-half-year-old G.N. (the child), appeals from the juvenile court's orders made in January and June 2015, respectively denying her petition under Welfare and Institutions Code section 388 (all further undesignated statutory references are to this code) for de facto parent status and her application to adopt the child. Caretaker argues the court erred in not granting her a full evidentiary hearing on her section 388 petition for de facto parent status and on her adoption application, which she now characterizes as an additional section 388 petition.

The portion of caretaker's appeal challenging the denial of her section 388 petition for de facto parent status is untimely and must be dismissed for lack of jurisdiction. The order denying that section 388 petition was rendered in January 2015 but her notice of appeal was not filed until July 2015. (Cal. Rules of Court, rule 8.406(a) [aside from two inapplicable exceptions "a notice of appeal must be filed within 60 days after the rendition of the judgment or the making of the order being appealed"]; *In re Z.S.* (2015) 235 Cal.App.4th 754, 768-760; *Nahid H. v. Superior Court* (1997) 53 Cal.App.4th 1051, 1068 [denial of section 388 petition is an appealable order]; *In re Meranda P.* (1997) 56 Cal.App.4th 1143, 1150 [unappealed postdisposition order may not be attacked on appeal from subsequent appealable order].)

Although respondent Orange County Social Services Agency (SSA) moved to dismiss caretaker's appeal as moot, we do not address that issue and instead reject the second aspect of caretaker's appeal on the merits and conclude the court did not err in denying her adoption request. We thus deny SSA's motion to dismiss and the accompanying request for judicial notice, as both are unnecessary to our resolution of this appeal.

BACKGROUND

After the child's birth in July 2013, SSA placed her on a hospital hold based on allegations of failure to protect and sibling abuse. The court detained the child pending her jurisdictional hearing, and placed the child in SSA's temporary care and custody. Among other things, mother had a history of substance abuse and father was incarcerated. Because mother's two other children already had been placed with their maternal grandparents, mother was concerned the grandparents would be overwhelmed and requested the child be placed with caretaker, her friend. The child was placed with caretaker in August and adapted well. The court sustained the jurisdictional petition and at the dispositional hearing in February 2014, declared the child a dependent and officially removed the child from parental custody. Reunification services were denied to mother but offered to father.

During the reunification period, SSA became concerned about the child's placement due to reports caretaker had allowed mother to have unmonitored contact with the child. There was also unease that caretaker would return the child to mother's care if allowed to adopt the child. But upon investigating, SSA found no evidence to support the child's removal from caretaker's charge. In August 2014, the court ordered a feasibility study to ascertain whether caretaker would pass an adoption home study. The next month, the court terminated reunification services for father and set a section 366.26 hearing for January.

Shortly thereafter, SSA requested the court to terminate the child's placement with caretaker. Although a child abuse registry report alleging safety hazards and a possible infection on the child's foot was determined to be inconclusive, SSA held a meeting in late September to discuss the child's current placement. At that meeting, several social workers expressed concern about the child's continuing placement with

3

caretaker.  SSA recommended transitioning the child to a new placement and the court so ordered.

Despite being provided with the official notice of intent to remove the child from her care and the matching grievance form, caretaker reported she would not go through SSA's grievance procedure because she believed it would be biased.  After the child was removed, caretaker filed a petition under section 388 seeking de facto parent status and to reinstate the child's placement in her home.  A hearing on the section 388 petition was set for January 12, 2015.

Before that hearing, SSA filed its section 366.26 report.  The social worker noted the child exhibited no mental or emotional issues, appeared to being doing well in her new placement, and had the ability to crawl, walk, and hold an object.  The new foster parent had an approved adoptive home study and was "thrilled at the prospect of completing the adoption and having [the child] be a permanent member of her family."  Five days before the section 388 hearing, the court terminated mother and father's parental rights.

At the section 388 hearing held on January 12, the court denied the petition, concluding there was no "a prima facie showing of change in circumstance."  Rather, the court believed caretaker was "asking to re-litigate the issue that was previously litigated and ordered[ after t]he court . . . found that the removal was appropriate."  The court also determined it would not be in the child's best interest to remove the child again when she had been placed "successfully in the custody of the adoptive parent[] now and apparently thriving for over three months."

In April 2015, caretaker filed an application to adopt the child.  On June 2, 2015, the court denied it and later that month the court terminated its dependency jurisdiction.  Caretaker filed a notice of appeal on July 20 from the orders denying the section 388 petition and the application to adopt the child.

4

DISCUSSION

SSA moves to dismiss the appeal as moot based on exhibits attached to its request for judicial notice. We do not decide the issue and instead address the merits of caretaker's arguments. Having done so, we conclude no error occurred.

By the time caretaker filed her petition to adopt the child, the court had terminated the parental rights of both parents. Under such circumstances, only the "prospective adoptive parents with whom the child has been placed for adoption by" SSA have the right to file a petition to adopt the child. (Fam. Code, § 8704, subd. (b).)

Recognizing that she could not adopt the child who was no longer placed with her, caretaker argues the court should have considered her adoption request as a petition for modification under section 388, as it "contain[ed] all of the necessary elements" to entitle her to "a full evidentiary hearing." It does not.

As county counsel notes, the adoption request did not "set forth in concise language any change of circumstance or new evidence that is alleged to require the change of order or termination of jurisdiction" (§ 388, subd. (a)(1)), as mandated by the statute. Nor did caretaker identify what order she desired modified, or at any time request the juvenile court to consider the adoption request as a section 388 modification petition.

Caretaker claims she was not represented by counsel at the time she prepared her request to adopt. The adoption request, however, shows the document was prepared with the help of an attorney, who then signed it as the lawyer representing her. But even if she were not represented by an attorney when preparing the papers, "mere self-representation is not a ground for exceptionally lenient treatment." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984.)

Caretaker is correct that section 388 petitions are liberally construed (*In re Marilyn H.* (1993) 5 Cal.4th 295, 309) and that the child's attorney had likened

5

caretaker's arguments to those made in the previously denied section 388 petition. But she cites no authority for her assertion the juvenile court should have treated her adoption request as a petition for modification under section 388. (See *In re Daisy D*. (2006) 144 Cal.App.4th 287, 291-292 [juvenile court has no sua sponte duty to raise the applicability of the sibling relationship exception when not raised by parents].) Caretaker's failure to raise the issue below forfeits the issue on appeal. (*Ibid.*)

We have discretion to consider whether caretaker met her burden of establishing the requirements to entitle her to a full hearing. (*In re Daisy D., supra*, 144 Cal.App.4th at p. 292.) The party seeking modification under section 388 must "make a prima facie showing to trigger the right to proceed by way of a full hearing." (*In re Marilyn H., supra*, 5 Cal.4th at p. 310; *In re Jeremy W*. (1992) 3 Cal.App.4th 1407, 1412-1414.) The party must demonstrate both (1) a genuine change of circumstances or new evidence, and (2) revoking the previous order would be in the best interests of the children. (*In re Kimberly F*. (1997) 56 Cal.App.4th 519, 529.)

If the liberally construed allegations of the petition do not show changed circumstances such that the child's best interests will be promoted by the proposed change of order, the dependency court need not order a hearing. (*In re Zachary G*. (1999) 77 Cal.App.4th 799, 806.) Caretaker recognizes the necessity of showing the proposed change is in the child's best interests and the importance of continuity and stability. She claims "[s]he had provided exceptional care for the child for the fourteen months, which was most of [the child's] life." That may be, but by the time the hearing was held on caretaker's so called section 388 petition to adopt the child, the child had been removed from her care and placed with her current caretaker for eight months. A section 388 petition that would, if granted, delay the child's placement in a permanent home for an uncertain placement with caretaker "does not promote stability for the child or the child's best interests." (*In re Casey D*. (1999) 70 Cal.App.4th 38, 47.)

6

DISPOSITION

The January 2, 2015 order denying caretaker's section 388 petition is dismissed as untimely.  The June 2, 2015 order denying caretaker's adoption request is affirmed.


RYLAARSDAM, ACTING P. J.

WE CONCUR:


MOORE, J.


FYBEL, J.