Filed 7/19/21  In re Chloe M. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re CHLOE M., a Person Coming Under the Juvenile Court Law. | B308615 (Los Angeles County Super. Ct. No. 18CCJP01849A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JILL M., <br><br> Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jean M. Nelson, Judge.  Affirmed.

Law Offices of Vincent W. Davis & Associates, Vincent W. Davis, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, and Sally Son, Deputy County Counsel, for Plaintiff and Respondent.

_____

Jill M., the mother of now-four-year-old Chloe M., appeals the juvenile court's November 2, 2020 order terminating her parental rights under Welfare and Institutions Code section 366.26.[1]  Jill contends the court erred in ruling she had failed to establish the parent-child-relationship exception to termination of parental rights (§ 366.26, subd. (c)(1)(B)(i)).  We affirm.

## PROCEDURAL BACKGROUND

1. *The Sustained Petition*

On March 21, 2018 the Los Angeles County Department of Children and Family Services (Department) filed a dependency petition pursuant to section 300, subdivisions (a) (serious physical harm, one count) and (b) (failure to protect, four counts), based on the history of violent altercations between Jill and Chloe's father, Charlie M.; both parents' histories of mental and emotional problems; and Charlie's history of substance abuse.  At the detention hearing the court found a prima facie case for detaining Chloe and ordered her placed in the temporary custody of the Department.

A continued jurisdiction/disposition hearing was held on July 27, 2018.  The court dismissed the allegation of serious

---

[1]     Statutory references are to this code.

physical harm pursuant to section 300, subdivision (a),[2] as well as the subdivision (b) count regarding Jill's history of mental and emotional problems. The remaining three counts were sustained. The court declared Chloe a dependent child of the court, ordered her removed from the care and custody of her parents, and placed her with the Department for suitable placement. The court ordered the Department to provide the parents with family reunification services. Monitored visits were ordered for Charlie, and a combination of monitored and unmonitored visits were ordered for Jill. Jill's case plan consisted of conjoint counseling, parenting education, mental health counseling, including taking all prescribed medication, and compliance with any protective orders in place against Charlie.

    2.   *The Status Review Hearings and Termination of Jill's Parental Rights*

At the continued six-month review hearing held on April 4, 2019, the juvenile court found Jill had been partially compliant with her case plan and ordered continuation of her reunification services.

At the 12-month review hearing on September 19, 2019, the parents requested the matter be set for contest. Given the time

---

[2]    In her opening brief on appeal Jill states the court dismissed the allegation of serious physical harm brought pursuant to section 300, subdivision (a). The Department does not specifically address the court's ruling on the subdivision (a) allegation. The minute order for the jurisdiction hearing is silent on that count of the petition, and the record does not contain a reporter's transcript for the hearing. Regardless, the lack of clarity on the court's jurisdiction findings does not affect the outcome of the appeal.

that had elapsed since Chloe's detention, the court set the matter for a contested permanency review hearing pursuant to section 366.22. The permanency review hearing was held on November 13, 2019. The court found Jill's progress on her case plan had not been substantial and terminated reunification services for Jill and Charlie.

A continued selection and implementation hearing pursuant to section 366.26 was held on November 2, 2020.[3] Neither Jill nor Charlie appeared at the hearing. Parents' counsel requested a continuance, stating their clients wished to participate. The court found notice was proper and denied the request. The Department and Chloe's counsel requested parental rights be terminated. Charlie's counsel objected to termination of parental rights based on the parental bond exception to termination under section 366.26, subdivision (c)(1)(B)(i), arguing Charlie's visitation had been consistent and he assumed a parental role during visits. When the court inquired as to Jill's position, her counsel stated, "I have no direction, but please note [Jill's] objection to termination of her parental rights."

The court found continued jurisdiction was necessary and found by clear and convincing evidence that Chloe was adoptable. In response to Charlie's argument, the court found the parental bond exception did not apply because Charlie's visits had been inconsistent and he had not shown he had taken on a parental role in Chloe's life. The court terminated Jill's and Charlie's parental rights and transferred the care, custody and control of

---

[3] The selection and implementation hearing, originally scheduled for March 11, 2020, was first continued so the matter could be set for contest and was again continued due to COVID-19 restrictions.

Chloe to the Department to complete adoption by her current caregiver. Jill filed a timely notice of appeal.[4]

## DISCUSSION

### 1. *Governing law*

The express purpose of a section 366.26 hearing is "to provide stable, permanent homes" for dependent children. (§ 366.26, subd. (b).) Once the court has decided to end parent-child reunification services, the legislative preference is for adoption. (§ 366.26, subd. (b)(1); *In re S.B.* (2009) 46 Cal.4th 529, 532 ["[i]f adoption is likely, the court is required to terminate parental rights, unless specified circumstances compel a finding that termination would be detrimental to the child"].)

Section 366.26 requires the juvenile court to conduct a two-part inquiry at the selection and implementation hearing. First, it determines whether there is clear and convincing evidence the child is likely to be adopted within a reasonable time. (*Cynthia D. v. Superior Court* (1993) 5 Cal.4th 242, 249-250; *In re D.M.* (2012) 205 Cal.App.4th 283, 290.) Then, if the court finds by clear and convincing evidence the child is likely to be adopted, the statute mandates judicial termination of parental rights unless the parent opposing termination can demonstrate one of the enumerated statutory exceptions applies. (§ 366.26, subd. (c)(1)(A) & (B); see *Cynthia D.*, at pp. 250, 259.)

---

[4] Charlie also filed a notice of appeal. After his appointed counsel was unable to identify any arguable issues, Charlie failed to present any issues for consideration. Charlie's appeal was dismissed on March 3, 2021. (See *In re Phoenix H.* (2009) 47 Cal.4th 835, 838.)

One of the statutory exceptions to termination is contained in section 366.26, subdivision (c)(1)(B)(i), which permits the court to order some other permanent plan if "[t]he parents have maintained regular visitation and contact with the child and the child would benefit from continuing the relationship." The exception requires the parent to prove he or she has maintained regular visitation and his or her relationship with the child "'promotes the well-being of the child to such a degree as to outweigh the well-being the child would gain in a permanent home with new, adoptive parents.'" (*In re Collin E.* (2018) 25 Cal.App.5th 647, 663; accord, *In re Caden C.* (2021) 11 Cal.5th 614, 629-630 [what the parent-child-relationship exception "requires a parent to establish, by a preponderance of the evidence, is that the parent has regularly visited with the child, that the child would benefit from continuing the relationship, and that terminating the relationship would be detrimental to the child. [Citations.] The language of this exception, along with its history and place in the larger dependency scheme, show that the exception applies in situations where a child cannot be in a parent's custody but where severing the child's relationship with the parent, even when balanced against the benefits of a new adoptive home, would be harmful for the child"].) The parent has the burden of proving the statutory exception applies. (*In re Caden C.,* at p. 629; *In re Derek W.* (1999) 73 Cal.App.4th 823, 826.)

2. *Jill Forfeited Her Argument by Failing To Object in the Juvenile Court*

"[A] reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been made, but was not made in the trial court. [Citation.] The purpose of this rule is to

encourage parties to bring errors to the attention of the trial court, so they may be corrected. [Citation.] [¶] Dependency matters are not exempt from this rule." (*In re S.B.* (2004) 32 Cal.4th 1287, 1293, fn. omitted; accord, *In re Aaron S.* (2015) 235 Cal.App.4th 507, 521; see *In re S.B.* (2005) 130 Cal.App.4th 1148, 1158 ["'[a]s a general rule, a party is precluded from urging on appeal any point not raised in the trial court'"]; *In re Elijah V.* (2005) 127 Cal.App.4th 576, 582 ["[a] parent's failure to raise an issue in the juvenile court prevents him or her from presenting the issue to the appellate court"]; see also *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1138 ["it would be unfair to allow counsel to lull the trial court and opposing counsel into believing the statement of decision was acceptable, and thereafter to take advantage of an error on appeal although it could have been corrected at trial"]; *Caminetti v. Pacific Mutual Life Ins. Co.* (1943) 22 Cal.2d 386, 392 [forfeiture rule keeps a party from playing "'fast and loose with the administration of justice by deliberately standing by without making an objection of which he is aware and thereby permitting the proceedings to go to a conclusion which he may acquiesce in, if favorable, and which he may avoid, if not'"].)

As discussed, at the selection and implementation hearing Jill's counsel registered a one-sentence general objection to termination of parental rights, but he did not at any time suggest Jill contended the parent-child exception to termination was applicable, let alone present any evidence or argument on that point. (See *In re E.A.* (2012) 209 Cal.App.4th 787, 790 ["General objections are insufficient to preserve issues for review. [Citation.] The objection must state the ground or grounds upon which the objection is based"].) The failure to raise a statutory

exception to termination of parental rights at the section 366.26 hearing forfeits the issue for purpose of appeal. (*In re Daisy D.* (2006) 144 Cal.App.4th 287, 292.)

## DISPOSITION

The juvenile court's order is affirmed.

PERLUSS, P. J.

We concur:

SEGAL, J.

FEUER, J.