[No. B237684. Second Dist., Div. Eight. Aug. 27, 2012.]

In re E.A., a Person Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY
SERVICES, Plaintiff and Respondent, v.
E.A., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part 3. of the Discussion.

## COUNSEL

Mitchell Keiter, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, Acting County Counsel, James M. Owens, Assistant County Counsel, and Sarah Vesecky, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**FLIER, Acting P. J.**—E.A., born in June 2011, is a half sibling of R.R. and N.L., both of whom were detained from the mother's care in October 2010 due to the mother's substance abuse, the father physically abusing R.R., and the mother and father engaging in physical altercations. As to father (mother is not a party to this appeal), the trial court found that father had struck R.R.'s head with his fists, that mother and father have a history of physical combat in front of the children, that mother failed to protect her children from physical abuse by her male companions (the fathers of R.R. and N.L.), that mother and her male companions also engaged in physical fights and that mother's substance abuse prevented her from caring for her children. Having found that it had jurisdiction over E.A., the court ordered E.A. to be suitably placed. The court ordered visitation monitored by the Los Angeles County Department of Children and Family Services (DCFS) when father is released from jail. Father appeals; we affirm.

## FACTS

### 1. *Detention and Welfare and Institutions Code Section 300[1] Petition*

DCFS detained E.A. on June 20, 2011, because mother had recently enrolled in a drug treatment program and had not completed it, nor had she completed the court-ordered case plan for R.R. and N.L.; she also failed a number of drug tests. E.A. was placed with mother's stepmother. DCFS filed the section 300 petition on June 23, 2011.

### 2. *Father's Arrest and Record*

Father was arrested on July 4, 2011, for parole violation and remained in local custody.

A police report dated June 22, 2009, related that mother's stepmother called the police when she heard father and mother arguing and then saw mother crying. Father had dragged mother by a lanyard around her neck down 10 cement steps. Mother was pregnant at the time.

On September 30, 2010, R.R. told an investigator that father hit him twice on the head and that he saw father hitting mother hard, with a closed fist, causing her to cry.

A police report dated January 12, 2011, named mother as the victim of an assault by father, at a time when she was pregnant with E.A. Father punched mother on the back of her head; the police saw swelling on the back of her head and a laceration on her ear.

Father told the dependency investigator that he had a long history of criminal activity going back to when he was 12 years old; he was a member of a gang.

Father has used marijuana and heroin.

## THE DISPOSITIONAL HEARING

Father was present, in custody. The court noted that the case had been settled. The court declared E.A. to be a dependent child of the court pursuant to section 300. The court found by clear and convincing evidence that there was a substantial danger to the health and safety of E.A. if left in his parents' custody.

---

[1] All further statutory references are to the Welfare and Institutions Code.

As to father, the court ordered a drug and alcohol abuse program, a 52-week domestic violence program, parenting classes and individual counseling. "Visitation is monitored by DCFS approved monitor at a DCFS approved office when released from jail."

Father's counsel objected to all of the orders handed down by the court as to father, including the suitable placement order. The objections did not state the grounds for the objections.[2]

## DISCUSSION

### 1. Counsel's Objections Were Legally Insufficient and Inoperative

■ General objections are insufficient to preserve issues for review. (3 Witkin, Cal. Evidence (4th ed. 2000) Presentation at Trial, § 375, pp. 465–466.) The objection must state the ground or grounds upon which the objection is based. (3 Witkin, *supra*, Presentation at Trial, § 377, p. 468.)

No one is served by purported "objections" of the kind made here. Primarily, the court is not advised of the reasons that the party making the "objection" has for thinking that the order made, or the evidence presented, is erroneous or inadmissible. If the order was in fact erroneous, and the court is persuaded by the reason advanced by the objecting party, the court has the opportunity to correct the error. The unfairness to the trial court and the opposing side if appellate counsel is permitted to invent the grounds for the objection is manifest. Thus, without a reason or reasons stated, i.e., without *grounds* for the objection, an "objection" is an exercise in futility.

---

[2] "Your Honor, the father has heard the orders of the court. He is objecting to the suitable placement order of the child [(E.A.)]. He's objecting to the court order for parenting class, drug testing, individual counseling, and domestic violence counseling, as well as psycho evaluation as it's unclear as to whether or not those services are being offered in the place of incarceration. He's also objecting to the court's order that he have monitored visits only when released from his place of incarceration."

The court's response to father's "objections" was to say thank you and to go on with concluding the hearing. It is obvious that the "objections" were made pro forma without the slightest intent to do anything other than what counsel did. We have long passed the days when formulaic incantations were part of the judicial process. And that is all that this was, an incantation, designed to "preserve issues for review." However, without grounds stated, the objections were meaningless.

■ We disregard counsel's purported "objections."

## 2. The Claim That It Was Error to Deny Visitation While Father Was Incarcerated Was Forfeited

Father contends that the court should have made an express finding that visitation would be detrimental before curtailing visitation.

This contention illustrates our point about stating grounds for an objection. The sum total of the objection on this issue was: "He's also objecting to the court's order that he have monitored visits only when released from his place of incarceration." If counsel had gone on to state that there had to be a finding of detriment before visitation could be curtailed, the court would undoubtedly have done so; there is hardly a dearth of detrimental facts and circumstances in this case. (The dispositional hearing took place on Nov. 15, 2011, and father was to be released in Feb. 2012.) Thus, counsel is asking us to reverse a perfectly sound decision over an alleged defect that could have been easily cured, if raised in a timely fashion.

In light of the absence of a legally effective objection, this issue was forfeited.

## 3. The Issue That Jurisdiction Could Not Be Based on the Abuse of N.L. and R.R. Because They Were Not Full Siblings Was Forfeited*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 787.

## DISPOSITION

The orders are affirmed.

Grimes, J., and Sortino, J.,[*] concurred.

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.