Filed 12/11/20  In re Y.G. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re Y.G. et al., Persons Coming Under the Juvenile Court Law. | C089508 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES, | (Super. Ct. Nos. JD239761, JD239762, JD239763) |
| Plaintiff and Respondent, | |
| v. | |
| E.G., | |
| Defendant and Appellant. | |

E.G., father of the minors (father), appeals from the juvenile court's order issuing a two-year restraining order against him.  (Welf. & Inst. Code, §§ 213.5, 304, 395.)[1] Finding father forfeited his claim, we will affirm the juvenile court's order.

---

**1**      Undesignated statutory references are to the Welfare and Institutions Code.

1

BACKGROUND

A detailed recitation of the facts and procedural history is unnecessary for the disposition of this appeal. Suffice it to say that, at the contested jurisdiction/disposition hearing on May 10, 2019, the juvenile court sustained an amended dependency petition filed by the Sacramento County Department of Child, Family, and Adult Services (Department) pursuant to section 300, subdivisions (b) and (c) as to the three minors, all of whom were under the age of four. Finding there was a substantial danger to the minors' well-being if returned to father's care and no reasonable means of protecting them in lieu of removal, the court ordered the minors placed with mother in a confidential placement, with supervised visitation for father.

After exercising jurisdiction over the minors, the court stated, "The Court's inclination is to issue a restraining order sua sponte to [section] 304, but I'll hear from parties concerning the restraining order and possible length of the restraining order." The Department and minors' counsel agreed with the issuance of a restraining order and submitted. Father's counsel stated as follows: "I would object to a restraining order being issued against the father. I don't know if the Court intends on including the children and the mother in his restraining order, but I don't think that there's any evidence that since the father became aware of the situation regarding CPS that he has violated any court orders or sought to see the children when the Court has said it's not appropriate or sought out any contact with the mother. So I don't believe that it's necessary. He's willing to stay away from the mother and the children. He's willing to follow the Court's orders. I don't think that there's any evidence that he hasn't done that at this point." Mother also agreed to issuance of a restraining order and, when the court inquired as to possible duration, mother's counsel conferred with mother and stated: "She's [mother] not sure. I know typically they're three years. And they could be modified, you know, depending on the father's progress. She just wants to make sure

2

that he still will have visits through the Department, but she would be fine with the staying away of her apartment and . . . ."

The court issued the restraining order pursuant to section 304, noting the Department, mother, and the minors' counsel were all in support. The court stated its decision was based on mother's testimony and evidence in the report, including that there had been numerous allegations of domestic violence between father and mother since 2017, father had unsecured weapons, mother unsuccessfully attempted to obtain a restraining order against father in 2018 after an incident of mutual domestic violence in the minors' presence, the minors' statements that father "hits mother" and "is mean to the mother" and the parents fought frequently, and father's resistance to law enforcement officers' attempt to detain the minors.

The court expressed its concern that father would attempt to contact mother or determine her confidential location or "do something worse," stating the restraining order was the only means by which to ensure father did not have access to the nine weapons he owned or to purchase additional weapons. The court asked father whether two weeks would be sufficient time for father to turn in his nine weapons. Father responded, "It shouldn't be a problem to do that within two weeks," and informed the court that he actually owned "11 or 13" firearms. When the court asked if father had any issue with turning in all of his weapons, father stated, "No, not at all."

After some discussion regarding visitation, the court stated it would issue the restraining order for a duration of two years, to expire on May 10, 2021. In discussing service of the restraining order, father offered to "stipulate to electronic service of the [restraining order] . . . via email."

Father filed a timely notice of appeal of the restraining order.[2]

---

**2** Father's request for judicial notice of additional portions of the clerk and reporter's transcripts, filed April 29, 2020, is hereby granted.

DISCUSSION

Father's sole claim on appeal challenges the juvenile court's issuance of a restraining order in the absence of notice or a hearing.

The Department concedes the error but argues father forfeited his claim for failure to raise it in the juvenile court and, in any event, any error was harmless.

Section 213.5 permits the juvenile court to issue orders "enjoining any person from molesting, attacking, striking, stalking, threatening, sexually assaulting, battering, harassing, telephoning, . . . destroying the personal property, contacting, either directly or indirectly, by mail or otherwise, coming within a specified distance of, or disturbing the peace of the child" or "any parent, legal guardian, or current caretaker of the child . . . ." (See *In re Sarah M.* (1991) 233 Cal.App.3d 1486, 1504, overruled on other grounds in *In re Chantal S.* (1996) 13 Cal.4th 196, 204.) A restraining order issued after notice and hearing may remain in effect up to three years. (§ 213.5, subd. (d)(1).)

Father's lack of timely objection to these notice deficiencies forfeited his challenge. (*In re Christopher S.* (1992) 10 Cal.App.4th 1337, 1344; *People v. Smith* (2001) 24 Cal.4th 849, 852; *In re Riva M.* (1991) 235 Cal.App.3d 403, 411-412.) "In dependency litigation, nonjurisdictional issues must be the subject of objection or appropriate motions in the juvenile court; otherwise those arguments have been waived and may not be raised for the first time on appeal." (*In re Christopher B.* (1996) 43 Cal.App.4th 551, 558; accord *In re Maria Q.* (2018) 28 Cal.App.5th 577, 590, citing *In re Dakota H.* (2005) 132 Cal.App.4th 212, 221-222 [" 'Forfeiture . . . applies in juvenile dependency litigation and is intended to prevent a party from standing by silently until the conclusion of the proceedings' "].)

Father's counsel objected to the issuance of a restraining order arguing it was unnecessary. However, father did not object on the basis of lack of notice, nor did he request a continuance. Instead, he affirmatively engaged in discussions with the court, agreeing to surrender his firearms and return to court within two weeks to prove

compliance with the requirements of the restraining order, volunteering information to the court regarding the actual number of firearms in his possession, and offering to stipulate to electronic service of the restraining order. " ' "The law casts upon the party the duty of looking after his legal rights and of calling the judge's attention to any infringement of them. . . ." ' [Citation.]" (*In re Christina L.* (1992) 3 Cal.App.4th 404, 416.) "[A] party is precluded from urging on appeal any point not raised in the trial court. [Citation.] Any other rule would ' " 'permit a party to play fast and loose with the administration of justice by deliberately standing by without making an objection of which he is aware and thereby permitting the proceedings to go to a conclusion which he may acquiesce in, if favorable, and which he may avoid, if not.' " [Citations.]' [Citation.]" (*In re Riva M., supra*, 235 Cal.App.3d at pp. 411-412.) "General objections are insufficient to preserve issues for review. [Citation.] The objection must state the ground or grounds upon which the objection is based. [Citation.]" (*In re E.A.* (2012) 209 Cal.App.4th 787, 790.)

Acknowledging that a claim of lack of notice can be forfeited by a failure to object even when a party claims that there has been a due process violation (*People v. Nguyen* (2017) 18 Cal.App.5th 260, 271), father claims this court has the discretion to consider his due process challenge and, in any event, the rules of forfeiture do not apply where, as here, the legal error resulted in an unauthorized act of the court—the issuance of an ex parte restraining order for a duration that exceeded the 25-day limit set forth in section 213.5, subdivision (c)(1). Father's claim is untenable.

While "application of the forfeiture rule is not automatic" (*In re S.B.* (2004) 32 Cal.4th 1287, 1293, superseded by statute on other grounds as stated in *In re S.J.* (2008) 167 Cal.App.4th 953, 961-962), "the appellate court's discretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue. [Citations.]" (*In re S.B.*, at p. 1293.) We are not faced with such a case here. Nor do we agree that the issuance of a two-year restraining order was an unauthorized act. As

described in the criminal context, "a sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354.) The same rule applies here. Section 213.5, subdivision (d)(1) specifically authorizes issuance of a restraining order for "no more than three years . . . ." Thus, the juvenile court did not exceed its statutory authority in issuing the two-year restraining order. Father's claim is forfeited.

DISPOSITION

The juvenile court's order is affirmed.

      /s/               <br>BLEASE, J.           

We concur:

    /s/         
RAYE, P. J.

    /s/         
MURRAY, J.