Filed 10/31/23  In re R.S. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


In re R.S., A Person Coming Under the Juvenile Court Law.

| | |
|---|---|
| IMPERIAL COUNTY HEALTH & HUMAN SERVICES AGENCY, | D082419 |
| Plaintiff and Respondent, | (Super. Ct. No. JJP000451) |
| v. | |
| A.S., | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of Imperial County, Marco D. Nunez, Judge.  Affirmed.

William D. Caldwell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Attorney General, Charles C. Ragland, Melissa A. Mandel and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION[1]

A.S. appeals from a protective order issued as part of an order authorizing disclosure of confidential juvenile court records to the prosecutor in a related criminal prosecution against A.S. for felony child abuse. (Pen. Code, § 273a, subd. (a).) We conclude that A.S. has forfeited and waived her challenges to the specific terms of the protective order by failing to raise them in the juvenile court and acquiescing in the protective order.

After A.S. lost custody of her son and the juvenile court terminated her parental rights in a dependency proceeding, the deputy attorney general who was prosecuting her in a related criminal case for felony child abuse filed a petition for access to the juvenile case records under Welfare & Institutions Code section 827 and rules 5.552 and 5.553 of the California Rules of Court. The prosecutor explained in an attachment to the petition that she was seeking these records for the following purposes: (1) "to ensure the People have accurate and complete information regarding . . . the injuries that the child suffered . . . [and] the . . . investigation into the mistreatment and abuse of the child . . . ."; (2) "to ensure consistency in the criminal proceeding and to determine whether either [A.S.] or [her husband] made any incriminating statements"; and (3) to obtain "any testimony presented in dependency court that could aid in the prosecution of this case."

A.S. did not file any written objection to the prosecutor's petition. Over the next four months, the juvenile court held multiple hearings on the matter and granted continuances to permit the Imperial County Department of Social Services (Department) to compile the records and make appropriate redactions.

---

[1] We resolve this case by memorandum opinion because it is determined by controlling authority which does not require any reexamination or restatement. (Cal. Stds. Jud. Admin., § 8.1(2).)

At a hearing on April 26, 2023, the juvenile court directed the Department to submit a proposed order. County counsel agreed to submit a proposed order and serve it on the parties.

On April 28, 2023, the Department submitted a proposed protective order for the confidential documents. At a hearing four weeks later, counsel for A.S. stated: "I've seen the protective order. I'm happy with the protective order." At the final hearing on June 28, 2023, county counsel made minor changes to the proposed protective order by interlineation. Counsel for A.S. again did not object to the protective order or any of its specific terms.

After balancing the interests of the prosecutor, the child, and the parties to the dependency proceeding, the juvenile court ordered the release of the requested records and transcripts to the prosecutor under the terms set forth in the protective order. At the final hearing of June 28, 2023, the court informed the parties that it intended to sign the protective order. Counsel for A.S. again did not raise any issues with the specific provisions of the protective order and did not request any revisions to it. The court signed and filed the protective order the same day.

Throughout the proceedings on the prosecutor's petition, counsel for A.S. objected orally that disclosure of the confidential juvenile court records would violate her constitutional rights and have a chilling effect. Counsel for A.S. "object[ed] to the whole proceeding," but acknowledged, "there's nothing I can do about it." He asserted that allowing the prosecutor to use A.S.'s statements in the dependency case against her in a criminal proceeding "irritates me" and "seems unfair, seems unconstitutional." He proclaimed that he did "not like" the statute authorizing disclosure and that it "just goes against my fairness bones because everything is supposed to be confidential until it's not . . . ." Although counsel for A.S. voiced disapproval of the

disclosure of these records to the prosecutor, he never objected to any of the specific terms and conditions of the proposed protective order.

On appeal, A.S. no longer challenges the disclosure of the juvenile court records and transcripts to the prosecutor. For the first time on appeal, however, A.S. challenges the specific terms of the protective order on the following grounds: (1) the protective order is overbroad because it authorizes the prosecutor to use the information for preparation and presentation of the criminal case, rather than just for impeachment; (2) the protective order authorizes any expert retained by the prosecutor to review the confidential information, even though the prosecutor did not request such authorization; and (3) the protective order has no directions for disposing of, returning, or restricting access to the confidential information after it is no longer needed for the criminal prosecution.

A.S. has forfeited these contentions by failing to raise them in the juvenile court. "In dependency proceedings, as elsewhere, a litigant forfeits an appellate argument by failing to raise it before the trial court." (*In re D.P.* (2023) 92 Cal.App.5th 1282, 1292; see also *In re Kevin S.* (1996) 41 Cal.App.4th 882, 885–886.) The forfeiture rule applies to non-jurisdictional objections to a protective order. (See, e.g., *People v. Race* (2017) 18 Cal.App.5th 211, 219, fn. 4.) A.S.'s general objections to the disclosure of the records were insufficient to preserve the specific, non-jurisdictional objections she now makes to the terms of the protective order. (See *In re E.A.* (2012) 209 Cal.App.4th 787, 790 ["General objections are insufficient to preserve issues for review. . . . The objection must state the ground or grounds upon which the objection is based."].)

A.S. had ample opportunity to object to the specific terms of the protective order in the two months after it was first proposed by the

4

Department and before it was signed by the court.  Instead of objecting, her counsel affirmatively told the juvenile court:  "I'm happy with the protective order."  "Such agreement constitutes a waiver of the issue, since appellant and counsel acquiesced in and contributed to any such error."  (*Sperber v. Robinson* (1994) 26 Cal.App.4th 736, 742–743; see also *Electronic Equipment Express, Inc. v. Donald H. Seiler & Co.* (1981) 122 Cal.App.3d 834, 856–857 [alleged error "waived by appellants' acquiescence" in trial court].)  Thus, A.S. has both forfeited and waived the only issues she raises on appeal.

DISPOSITION

The order of June 28, 2023 is affirmed.


BUCHANAN, J.

WE CONCUR:


HUFFMAN, Acting P. J.


RUBIN, J.