Filed 11/14/24  In re B.O. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re B.O., a Person Coming Under the Juvenile Court Law. | B330871 |
| | (Los Angeles County Super. Ct. Nos. 22CCJP02514, 22CCJP02514A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
|     Plaintiff and Respondent, | |
|       v. | |
| E.B., | |
|     Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jean M. Nelson, Judge. Affirmed.

Roni Keller, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, William D. Thetford, Deputy County Counsel, for Plaintiff and Respondent.

---

## MEMORANDUM OPINION[1]

E.B. (Mother) appeals from a juvenile court exit order terminating dependency jurisdiction over her child, B.O. She contends the order improperly requires her to pay for a professional visitation monitor when she cannot afford to do so, thereby depriving her of the right to parent B.O. Mother's contention is forfeited for her failure to object to the order on this ground in the juvenile court. Accordingly, we affirm.

## BACKGROUND

At the final review hearing in this dependency case, the Los Angeles County Department of Children and Family Services (DCFS) recommended that Mother have monitored visits, without Father present, and that a professional monitor be used if parents were unable to agree on a monitor. Counsel for Father

---

[1] We resolve this case by memorandum opinion. (Cal. Stds. Jud. Admin., § 8.1.) We do not recite the factual and procedural background because our opinion is unpublished and the parties are familiar with the facts of the case and its procedural history. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851 [unpublished opinion merely reviewing correctness of trial court's decision "does not merit extensive factual or legal statement"].) Undesignated statutory references are to the Welfare and Institutions Code.

and B.O. agreed with the recommendation. Mother's counsel objected to sole physical custody for Father, asserting that "some measure of physical custody would be appropriate" for Mother and requesting "one or two unmonitored visits per week and maybe one or two overnight visits per month." The court asked Mother's counsel if he had reviewed the proposed order prepared by Father's counsel. He replied that he had, and stated "I don't think it's, you know, anything my client would agree to." He "renew[ed his] request for some sort of carveout for Mother to have maybe a few unmonitored overnight visits per month."

The court asked Father's counsel if the proposed order "anywhere indicate[s] that Mother's visit – if parents can not [*sic*] agree on a monitor, it's going to have to be a professional monitor paid for by Mother?" Father's counsel confirmed it did and directed the court to the pertinent portion of the order. Mother's counsel said nothing.

The court denied Mother's request for unmonitored and overnight visitation. The court stated it was "terminating jurisdiction with the order prepared" by Father's counsel, as modified in ways that are not relevant here. The court told Mother's counsel, "I note your objections to the juvenile custody order and this court's orders. Those are overruled." It then asked if there was anything further; only Father's counsel raised any issues.

The exit order, filed July 11, 2023, set forth a detailed visitation schedule. As relevant here, it provided that "All in person and telephonic visitation by [Mother] with [B.O.] shall be supervised by an adult, over the age of eighteen (18) years old, and mutually agreed to by both parents in writing. In the event the parents are unable to agree to a nonprofessional monitor,

3

then [Mother's] visitation with [B.O.] shall be supervised by a professional monitor and all associated costs shall [*sic*] paid for by [Mother]." The order further provided that maternal grandparents could not monitor visits.

## DISCUSSION

Mother's sole contention is that the court erred by ordering her to pay for a professional monitor as a condition of visiting B.O. She asserts the order "effectively requiring the mother to pay for seven hours of professional monitoring per week as a requirement for her to have contact and visitation with the minor is neither substantiated by the facts of the case and in abuse of discretion [*sic*], and effectively deprives her of the exercise of her parental rights."

DCFS responds that Mother forfeited this argument by failing to object to the requirement that Mother pay for any necessary professional monitoring. Mother asserts that her counsel's request for unmonitored visitation and objection that the exit order was not "anything my client would agree to" were sufficient to preserve this issue. We conclude the argument is forfeited.

An appellant generally forfeits the right to claim error as grounds for reversal when he or she fails to object in the trial court. (*In re Dakota H.* (2005) 132 Cal.App.4th 212, 221-222.) Principles of forfeiture apply in dependency litigation and are intended to encourage parties to bring errors to the juvenile court's attention, so that they may be corrected. (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.) Here, Mother did not object to the exit order's provision that she pay for any necessary professional monitoring services. Neither her general objection to the exit order nor her requests for unmonitored and overnight visitation

4

apprised the juvenile court of the concerns she now asserts or afforded the court an opportunity to address them before terminating jurisdiction. (See *In re E.A.* (2012) 209 Cal.App.4th 787, 790 ["General objections are insufficient to preserve issues for review."].) Mother has forfeited her argument.

Though we have discretion to excuse forfeiture, we use "special care" when exercising that discretion in dependency matters. (*In re S.B., supra*, 32 Cal.4th at p. 1293.) As a general rule, we do so "rarely and only in cases presenting an important legal issue." (*Ibid.*) The issues Mother attempts to raise—parents' ability to agree on a monitor and her ability to pay for a professional monitor—are factual questions, not legal ones. Since no specific objection was made in the juvenile court, the record contains limited material pertinent to the issue, which at this stage remains largely undeveloped. We accordingly decline to exercise our discretion.

Should parents prove unable to agree on a monitor, or if Mother is unable to pay for a professional monitor, the parties "would be permitted to raise those claims in the family court, and a family court judge would make the final decision" on those issues. (*In re Chantal S.* (1996) 13 Cal.4th 196, 214; see also *In re A.B.* (2014) 230 Cal.App.4th 1420, 1439 [upon termination of dependency jurisdiction, "the noncustodial parent's interests in custody and visitation can be heard in the family law court"]; § 302, subd. (d).)

5

**DISPOSITION**

The juvenile court order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


CURREY, P. J.


ZUKIN, J.